IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                Plaintiff,<br><br>   vs.<br><br>PRESIDENT DONALD TRUMP,<br>et al.,<br><br>                Defendants. | CIV. NO. 19-00124 JAO-RT<br><br>FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND DISMISS THE COMPLAINT WITHOUT PREJUDICE |

FINDINGS AND RECOMMENDATION THAT THE
DISTRICT COURT GRANT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEES AND
<u>DISMISS THE COMPLAINT WITHOUT PREJUDICE</u>

Before the Court is Plaintiff Ronald Satish Emrit's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), filed on March 8, 2019. ECF No. 3. The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's IFP Application and DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for improper venue.

DISCUSSION

I.    <u>Plaintiff's IFP Application</u>

A court may authorize a litigant to commence or prosecute any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to

pay the required fees. 28 U.S.C. § 1915(a)(1); see Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life"). The litigant "need not be absolutely destitute[,] . . . but must allege poverty with some particularity, definiteness and certainty." Escobedo, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

In this case, Plaintiff states that he receives $829 in monthly disability payments, has $26.03 in his checking account, and has $900 in monthly expenses. ECF No. 3 at 3-5. The Court finds that Plaintiff has sufficiently demonstrated entitlement to proceed in forma pauperis and RECOMMENDS that the district court GRANT Plaintiff's Application.

II.     Plaintiff's Complaint

The Court must also subject each action to a mandatory screening. The Court must dismiss the case if the court determines that "the allegation of poverty is untrue[,]" or "the action or appeal . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or [ ] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Because Plaintiff

is appearing pro se, the Court liberally construes his Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff asserts various claims against Defendants President Donald Trump, the U.S. Department of Commerce, the U.S. Department of Agriculture, the Federal Trade Commission, and the International Trade Commission ("Defendants"). ECF No. 1. Plaintiff alleges in his Complaint that he is a resident of the State of Nevada. Id. ¶ 14. The factual allegations giving rise to his claims occurred in either California or Nevada.

Under 28 U.S.C. § 1391, a civil action may be filed in "a judicial district in which any defendant resides" or in "a judicial district in which a substantial part of the events [ ] giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (2). "[I]f there is no district in which an action may otherwise be brought . . . [an action can be filed in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(3). Plaintiff claims he is a resident of Nevada, none of the events giving rise to the claims occurred in Hawaii, and Plaintiff has not asserted that any of the Defendants may be subject to personal jurisdiction in Hawaii. Accordingly, without addressing the merits of the Complaint, the District of Hawaii is not the proper venue for Plaintiff's Complaint.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal. See, e.g., King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992). In this case,

there is no evidence that Plaintiff would be time-barred from refiling this action in another venue. Under these circumstances, the Court finds that it is not in the interests of justice to transfer this action. Accordingly, the Court RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE the present action for want of venue. Plaintiff may pursue his claims in the proper court.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff's Application to Proceed in District Court Without Prepayment of Fees or Costs; and

2) DISMISS Plaintiff's Complaint WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 18, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

___

*Ronald Satish Emrit v. President Donald Trump, et al.*; Civ. No. 19-124 JAO-RT; Findings and Recommendation that the District Court Grant Plaintiff's Application to Proceed Without Prepaying Fees and Dismiss the Complaint Without Prejudice